# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11CV151

| | |
|---|---|
| GABRIEL P. TORRES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LEWIS SMITH, ADMINISTRATOR, ) | |
| INS SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) and his motion to proceed in forma pauperis (Doc. No. 2), both filed on March 24, 2011.[1]

Rule 4 of the Rules Governing Section 2254 Cases directs habeas courts to promptly examine habeas petitions. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Rule 4, 28 U.S.C.A. foll. § 2254. For the reasons stated herein, Petitioner's case will be dismissed.

Petitioner is attempting to challenge his pending deportation proceedings, and by way of relief, asks this Court to "[h]ault all deportation hearing and removal proceeding from the United States." (Doc. No. 1 at 15). However, habeas relief pursuant to 28 U.S.C. § 2254 is limited to prisoners "in custody pursuant to the judgment of a State court." See 28 U.S.C. § 2254. Because

---

[1] Although this petition was received at the Court and filed by the Clerk on March 28, 2011, it contained a certification that the petition was placed in Petitioner's prison mailing system on March 24, 2011. Consequently, pursuant to the "mail box" rule articulated in Houston v. Lack, 487 U.S. 266 (1988), the Court will treat the Petition as having been filed on March 24, 2011.

Petitioner is not challenging a state court conviction, his § 2254 petition must be dismissed.[2]

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's 28 U.S.C. § 2254 Petition (Doc. No. 1) is **DISMISSED**;

2. Petitioner's In Forma Pauperis Application (Doc. No. 2) is **DISMISSED as moot**;

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive procedural ruling is debatable, and that petition states a debatable claim of the denial of a constitutional right).

Signed: April 8, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

---

[2] To the extent Petitioner seeks to file a petition pursuant to § 2241, such petition is properly filed in the district where the petitioner is confined. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989); see also In Re Jones, 226 F.3d 328, 332 (4th Cir. 2000). It appears that Petitioner is currently confined in Albemarle Correctional Institution, in Stanley County which is situated within the Middle District of North Carolina.