UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11CV151

| GABRIEL P. TORRES, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | **O R D E R** |
|  | ) |  |
| LEWIS SMITH, ADMINISTRATOR, INS SERVICES, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on Petitioner's "Motion for Relief from order Pursuant to Fed. R. Civ. P. 60(B)"[1] filed June 16 and 24, 2011. (Doc. Nos. 5 and 6).[2]

On March 28, 2011, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he attempted to challenge his deportation proceedings and by way of relief, asked that this Court "[h]ault all deportation hearing and removal proceeding from the United States." (Id. at 15). In dismissing the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court explained that habeas relief pursuant to 28 U.S.C. § 2254 is limited to prisoners "in custody pursuant to the judgment of a State court," and that because Petitioner was not challenging a state court conviction, his § 2254 petition must be dismissed. In a footnote, the Court

---

[1] Federal Rule of Civil Procedure 60(b) allows the Court to relieve a party from a final judgment due to mistake, inadvertence, surprise or excusable neglect; newly discovery evidence; fraud; if the judgment is void; if the judgment has been satisfied or any other reason that justifies relief. Petitioner has not stated any reason that justifies relief in support of his motion.

[2] Petitioner filed two identical motions. (Doc. Nos. 5 and 6). The only discernable difference is that the second motion (doc. no 6) included an exhibit that the first motion referred to but did not include.

1

noted that to the extent that Petitioner was attempting to file a petition pursuant to § 2241, such petition is properly filed in the district where Petitioner is confined, which the Court noted was the Middle District of North Carolina as Petitioner is confined in Stanley County.[3] Petitioner did not file a direct appeal of this Court's Order dismissing his Petition.

Petitioner now contends that this Court should have dismissed his petition without prejudice because he had not exhausted his state remedies. Petitioner specifically requests that this Court now issue an Order dismissing his petition without prejudice.

This Court dismissed Petitioner's Petition pursuant to Rule 4 of the Rules Governing 2254 cases because Petitioner did not challenge a state court conviction as is required in a proper § 2254 petition. Therefore, this Court's dismissal of Petitioner's § 2254 Petition with prejudice was appropriate and Petitioner's motion is denied.

**THEREFORE, IT IS ORDERED** that Petitioner's motions for reconsideration are denied. (Doc. Nos. 5 and 6).

**SO ORDERED**.

Signed: June 28, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

---

[3] Petitioner contends that he then filed a § 2241 in the Eastern District of North Carolina which the Clerk in the Eastern District did not file his petition as he was convicted in Mecklenburg County. Petitioner then filed a § 2254 petition in this district and was advised by the Clerk that his § 2254 petition was a successive petition filed without authorization from the Fourth Circuit Court of Appeals. (Doc. No. 6 at 5).